



D. Maimon Kirschenbaum
Denise A. Schulman
Charles Joseph
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| PAUL HAZEN and CORRINNE BORGES on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**621 EVENTS LLC d/b/a HUDSON TERRACE, MICHAEL SINENSKY and SEAN McGARR,**<br><br>**Defendants.** | CASE NO:<br><br>**COMPLAINT**<br><br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

------------------------------------------------------------x

1. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.  Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.  All Defendants are hereinafter collectively referred to as "Defendants."

5.  Defendant 621 Events LLC is a New York Limited Liability Corporation with its principle place of business located at 16 West 16th St, #5MN, New York, NY 10011. Defendant 621 Events LLC operates Hudson Terrace on the west side of Manhattan.

6.  Upon information and belief, 621 Events LLC has an annual gross volume of sales in excess of $500,000.

7.  Defendant Michael Sinensky is co-owner of Hudson Terrace. Upon information and belief, Defendant Sinensky exercises sufficient control of each restaurant's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA. In addition, upon information and belief, Defendant Sinensky is liable for the wages of Plaintiffs and the Class under New York Business Corporation Law § 630.

8.  Defendant Sean McGarr is co-owner of Hudson Terrace. Upon information and belief, Defendant McGarr exercises sufficient control of each restaurant's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA. In addition, upon information and belief, Defendant

McGarr is liable for the wages of Plaintiffs and the Class under New York Business Corporation Law § 630.

9. Plaintiffs Paul Hazen and Corrinne Borges were employed by Defendants as bartenders at Hudson Terrace within the relevant limitations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position, including server, runner, busboy, bartender, barback and/or captain on or after the date that is three years before the filing of the original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available

from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.     Plaintiffs bring the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position, including server, runner, busboy, bartender, barback and/or captain, on or after the date that is six years before the filing of the original Complaint in this case as defined herein (the "Class Period").

14.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

15.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

16.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be

sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation for all hours worked. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.	Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.	A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims

would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

    b) Whether Defendants properly compensated Plaintiff and Class members for overtime.

    c) Whether Defendants paid Plaintiffs and the Class members the

minimum wage for all hours worked.

d) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

e) At what common rate, or rates subject to common methods of calculation, are Defendants required to pay the Class members for their work.

f) Whether Defendants compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

g) Whether Defendants unlawfully deducted portions of Plaintiff's wages.

h) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

## FACTS

21. Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

22. Defendants committed the following acts knowingly, intentionally and willfully.

23. Defendants knew that nonpayment of overtime, nonpayment of wages for all regular and overtime hours worked, nonpayment of New York's Spread of Hours Premium, and improper withholding and deductions from the Plaintiffs, the FLSA

Collective Plaintiffs, and members of the Class' wages and tips would economically injure Plaintiffs and violated federal and state laws.

24. Plaintiffs were frequently paid for less than all of the hours that they worked.

25. Plaintiffs were not paid the minimum wage for all hours worked.

26. Plaintiffs and Class Members often worked in excess of 40 hours per workweek.

27. Plaintiffs were not compensated one and one half times New York's minimum wage for all hours that they worked in excess of forty per workweek.

28. Plaintiffs' and Class Members' workdays often lasted longer than 10 hours. Defendants did not compensate Plaintiffs or the Class Members New York's "spread of hours" premium equal to one hour's pay at the minimum wage for each such workday.

29. On occasion, Defendants deducted from Plaintiffs' pay to cover certain charges, such as sales taxes, that the restaurant inadvertently neglected to retrieve from customers.

30. Plaintiffs often worked at private events held at Hudson Terrace.

31. Defendants charged private event customers an 18-25 percent gratuity for these events.

32. Defendants failed to distribute the entire gratuity from these events to the tipped employees who worked at these events.

33. Defendants often sold "no section" event reservations that permitted customers and persons with the customers' party to receive special privileges, such as open bar, for a flat fee. Defendants included a 20 percent gratuity for these events.

34. Defendants failed to distribute the entire gratuity from these reservations to the tipped employees who worked at those events.

35. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)**

36. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

37. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

38. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

39. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double)

damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

40. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

41. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

42. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

43. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

44. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

45. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. Defendants knowingly paid the Plaintiffs and members of the Class less than the New York minimum wage set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

47. Defendants did not pay Plaintiffs and members of the Class minimum wage for all hours worked.

48. Defendants' failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

49. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Class)**

50. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

51. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

52. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

53. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities and Wages,
N.Y. Lab. L. §§ 193, 196-d and 198-b)
Brought by Plaintiffs on Behalf of
Themselves and the Class)

54. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

55. Defendants retained and continue to retain portions of Plaintiffs' tips and/or wages and Class members' tips and/or wages.

56. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650** *et seq.*, **and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

57.  Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58.  Plaintiffs and the Class members workdays regularly lasted more than ten (10) hours.

59.  Defendants willfully and intentionally failed to compensate Plaintiffs and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

60.  As a result of Defendants' willful and unlawful conduct, Plaintiffs and members the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims

in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 15, 2010

Respectfully submitted,

JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum

Denise Schulman
Charles Joseph
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **621 EVENTS LLC, MICHAEL SINENSKY, SEAN MCGARR,** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_CORRINNE BORGES_
Full Legal Name (Print)

_[signature]_
Signature

_9/8/10_
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **621 EVENTS LLC, MICHAEL SINENSKY, SEAN MCGARR,** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Paul Mark Hazen_
Full Legal Name (Print)

_[signature]_
Signature

9/8/10
Date