**JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
Diane Hester
D. Maimon Kirschenbaum
Matthew D. Kadushin
Amy Zobel
Michael D. Palmer
Denise A. Schulman

Counsel:
Michael DiChiara*
*Also admitted in NJ & MA

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: __4/14/11__

233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

RECEIVED
APR 13 2011
CHAMBERS OF
COLLEEN McMAHON

MEMO ENDORSED

April 13, 2011

**VIA FAX-212-805-6326**

Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan US Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**  **Hazen et al., v. 621 Events LLC, et al**
> **Index No.: 10cv7121**

Dear Judge McMahon:

We represent Plaintiffs in the above-referenced action. I write to respectfully request a conference with the Court to address the blatant intimidation tactics Defendants are using to discourage putative FLSA Plaintiffs from opting in to this lawsuit. Specifically, as evidenced by the attached affidavit of Armando Acevedo, Defendants threatened the sole current employee who has joined the lawsuit with termination if he did not withdraw from the lawsuit.

"[W]hen a defendant contacts putative class members for the purpose of altering the status of a pending litigation, such communication is improper without judicial authorization." *In re Currency Conversion Fee Antitrust Litig.*, 3 51 F. Supp. 2d 237, 253 (S.D.N.Y. 2005). When there is an ongoing business relationship between putative class members and a defendant, such as an employer-employee relationship, there is a heightened threat of coercion by the defendant. *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 668 (E.D. Tex. 2003) (*citing Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (5th Cir. 1985)). A court may remedy a defendant's improper communications with putative class members in several ways, including restricting future communications, invalidating exclusion requests that were a product of the improper communications, and requiring that corrective notice be sent to class members and posted in a public place. *See Kleiner*, 751 F.2d 1193; *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d at 252; *Belt*, 299 F. Supp. 2d at 669-670.

As Mr. Acevedo's affidavit sets forth, Defendants explicitly threatened to fire him if he continues to participate in this lawsuit.. In order to ensure that aggrieved employees are able to assert their FLSA rights free of similar retaliation and intimidatino, corrective action, including an injunction against further intimidating tactics, is necessary. Most recently, in a similar case, Judge Cote ordered Defendants to post curative notice at where it would be seen by all employees, and the notice included language prohibiting management from discussing the pending lawsuit with employees. *Pefanis* r. *Westway Diner, Inc.*, 2009 U.S. Dist. LEXIS 121378 (S.D.N.Y. Dec. 29, 2009).

Accordingly, we respectfully request that t 1e Court schedule a Conference at which the parties can address the issues raised above.

Respectfully submitted.

D. Maimon Kirschenbaum

cc:     Sara Sheinkin, Esq.