```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------------x

 3   PAUL HAZEN, et al.,

 4                  Plaintiffs,

 5            v.                              10 CV 7121(ALC)(AJP)

 6   621 EVENTS LLC, et al.,

 7                  Defendants.

 8   ------------------------------------x
                                              New York, N.Y.
 9                                            April 2, 2012
                                              9:30 a.m.
10
     Before:
11
                         HON. ANDREW J. PECK
12
                                              Magistrate Judge
13
                             APPEARANCES
14
     JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
15        Attorneys for Plaintiffs
     BY:  MATTHEW KADUSHIN
16

17   MEISTER SEELIG & FEIN LLP
          Attorneys for Defendants
18   BY:  ALYSON C. BRUNS

19

20

21

22

23

24

25
```

1                (Case called)

2                THE COURT:  Let's find out where we are in discovery,

3     settlement, 636(c), all of the above.

4                So you can start with whichever of those three

5     subjects makes the most sense, Mr. Kadushin.

6                MR. KADUSHIN:  Good morning, your Honor.

7                Matthew Kadushin on behalf of plaintiffs from Joseph,

8     Herzfeld, Hester & Kirschenbaum.

9                Your Honor, actually today we have an informal

10    settlement/discovery conference going on.  We are making

11    available 12 of the opt-in plaintiffs for interviews with the

12    defendants.  The interviews will be conducted in connection

13    with settlement discussions only, so it is not going to be

14    informal discovery, but it is an opportunity for the defendants

15    to speak to a number of the opt-in plaintiffs.  We are doing it

16    at 4:30 today in my office.

17               After that, I think that the parties will be better

18    able to gauge how they wish to proceed, or the defense would be

19    better able to gauge how they wish to proceed.  From our point

20    of view, we would like to do a 30(b)6 deposition of the

21    defendants in advance of any further settlement conference

22    and --

23               THE COURT:  Let me just be very clear to interrupt you

24    both.  Just remember that you have a June 15th full discovery

25    cut-off date and a May 15th expert report date.

1     MR. KADUSHIN:  Your Honor, just in terms of discovery,
2 from our point of view, because in the case previous defense
3 counsel turned over thousands of pages of documents, we have
4 itemized the documents to the defense, gone through it and
5 indicated that we believe there are some records missing and
6 have provided them with what we believe either is a complete
7 set of documents or, alternatively, what we believe is missing.
8 So we don't think that there is a further amount of massive
9 document production that needs to be done; now it is just a
10 question of going through the documents.  And there are factual
11 disputes that from our point of view the documents don't cover.
12 So there has been actually extensive discovery in the case.
13 That was done with previous defense counsel.
14     THE COURT:  OK.  I interrupted you, so you can
15 continue.  You started talking about a 30(b)(6) deposition.
16     MR. KADUSHIN:  We noticed a 30(b)(6) deposition.  We
17 would like to do a 30(b)(6) deposition in advance of any formal
18 settlement discussion because, having reviewed the discovery
19 that they provided to us, we have numerous questions that we
20 think are best resolved in that format.
21     From the defense perspective, there are a number -- we
22 would make several of the opt-in plaintiffs available for
23 deposition if they wished to take a deposition in advance of
24 the settlement discussion.
25     We have discussed doing a private mediation or a

1  settlement conference with your Honor.  We have not made a
2  decision as to which one we think is more beneficial at this
3  time.
4            THE COURT:  You may run out of time for that.  My
5  calendar is extraordinarily tight.
6            MR. KADUSHIN:  I think our inclination at this point,
7  your Honor, with all due respect, is to do a private mediation
8  just for the amount of records that are involved.  That would
9  be our position from the plaintiffs' point of view, but I don't
10 know the defendants' position.
11           I think, realistically, the only thing that really
12 remains is depositions, and they can be done, if need be, in a
13 two-week period.
14           We haven't made a decision with regard to experts.  I
15 don't think this is the type of case that warrants expert
16 testimony, but I guess it is possible that something could come
17 up in a 30(b)(6) deposition that would warrant me to change my
18 mind, but I don't anticipate that being an issue.  But this is
19 really more of a question of fact and credibility, to be as
20 forthright as I can.
21           THE COURT:  My memory is not as good as it used to be.
22 Remind me.  I know your complaint seeks collective action
23 status.  Have you moved for it?
24           MR. KADUSHIN:  They have consented to 216(b)
25 notification.  It has gone out once.  And then there was a

1   corrective notification that went out a second time.  I believe
2   we have approximately 30 people who have opted in to the case.
3              THE COURT:  Has that been filed with the clerk of the
4   court?
5              MR. KADUSHIN:  Yes, your Honor.
6              THE COURT:  By that, just to be clear, which I
7   wasn't -- the names and the signature pages for the 30 opt-ins?
8              MR. KADUSHIN:  Yes.  All of the notices were sent
9   directly to the court, your Honor, in this particular case.
10             THE COURT:  That still raises the question of --
11             MR. KADUSHIN:  -- it is on the docket sheet.  As long
12  as the clerk didn't lose anything, which I have no information.
13  I have gotten no phone calls that they got a consent-to-sue and
14  we haven't received a copy of it from the clerk's office.
15             THE COURT:  Ms. Bruns.
16             MS. BRUNS:  Good morning, your Honor.
17             Alyson Bruns from Meister Seelig & Fein, LLP.
18             I don't have much to add to what Mr. Kadushin said.
19  We have informal interviews this afternoon, and after that
20  defendants will have a better idea if we want to depose,
21  probably not all 12 of them -- we might want to depose, we
22  might not.  At the end of the day, we might know better.  I
23  know plaintiffs have indicated, as he told you, that they are
24  going to do a 30(b)(6), so I really don't think that there is a
25  whole lot more of discovery, depending on what happens today.

1       THE COURT: And experts, from your point of view,
2  likely or not likely?
3       MS. BRUNS: Unlikely. As Mr. Kadushin says, if
4  something happens in the 30(b)(6), but right now I don't
5  foresee it.
6       THE COURT: Where are both of you with the issue of
7  consent under 28, U.S. Code, Section 636(c)?
8       MR. KADUSHIN: Your Honor, at this point plaintiffs
9  are not going to consent.
10      THE COURT: When do you want your next status
11 conference or do you want to be left on what I call the honor
12 system, which is that you have a June 15th cut-off date? If I
13 don't hear from you, that means there are no disputes or that
14 one of you blew your rights?
15      MR. KADUSHIN: It might be best to come in one time
16 before the end of discovery.
17      THE COURT: When do you want to come in?
18      (Discussion off the record among counsel)
19      MR. KADUSHIN: Or perhaps we could write the Court.
20      Let me ask the Court a question. If we decide that we
21 don't request a conference date today and we need one mid
22 May --
23      THE COURT: If you need one because there is a
24 dispute, you will write me and we will figure out a way to get
25 you in. If you ask for a conference on June 14th, it is not

1  going to result in anything useful.
2      (Discussion off the record between counsel)
3      MR. KADUSHIN:  Your Honor, I don't think it is
4  necessary for a conference at this point in time.  I think, in
5  the event that the parties do proceed to private mediation, I
6  could see a situation whereby we might need to request an
7  additional two weeks for discovery.
8      THE COURT:  You are not getting it.
9      So let's be clear.  Do whatever you need to do to get
10  your settlement done before June 15th or before the July 10th
11  summary judgment motion date, but no dates are getting extended
12  absent good cause and I don't hear any good cause at the
13  moment.
14      MR. KADUSHIN:  I don't have a good reason.  That is
15  the only thing that I could predict having to write or contact
16  the Court about.
17      THE COURT:  Let me be clear.  The only reason to
18  extend discovery would be if you are not doing what you are
19  supposed to.  And if one of you is doing what you are supposed
20  to and the other is frustrating that person, then the thing to
21  do is to contact me promptly after a meet-and-confer and say,
22  he/she didn't respond to discovery request number 32 or
23  whatever is the issue, didn't make somebody available for a
24  deposition, and I will deal with it.
25      As one of our former Presidents said:  Read my lips.

1   No discovery extended.  Unlikely.  If someone gets hit by a
2   bus, I am not that cruel, but absent that, the odds of your
3   getting an extension of the discovery period are low.  So if
4   you want a conference date in the beginning of May, as a
5   security blanket, that's fine.  You are also paying by the page
6   on all of this, so make a decision.  If you just want to leave
7   it that you will contact me for whatever problem you may have,
8   that is also good.
9            MR. KADUSHIN:  I think that the latter is more
10  appropriate.
11           MS. BRUNS:  Yes, I agree.
12           THE COURT:  Then I will require both sides to purchase
13  the transcript.
14           Continue your settlement process, but do what you need
15  to do if that isn't working to get your discovery done.
16           With that, we are adjourned.
17
18                           o   0   o
19
20
21
22
23
24
25